

1001 Pennsylvania Avenue, N.W., Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

**Daniel W. Wolff**
(202) 624-2621
dwolff@crowell.com

November 1, 2021

The Honorable Ellen L. Hollander
United States District Court Judge
United States District Court for
The District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

    RE:    *Maryland Office of the Public Defendant, et al. v. Talbot County, MD*
             Civil Action No: 1:21-cv-01088-ELH

Dear Judge Hollander:

    Along with the ACLU of Maryland, I represent the Maryland Office of the Public Defender, Talbot County NAACP, and individual Plaintiffs in this matter. In advance of the telephone conference set for November 8, 2021, per your margin order of October 27, I write to give Your Honor the Plaintiffs' perspective on Defendant Talbot County's status report to you of October 27.

    In his letter, County defense counsel, Kevin Karpinski, states that, in his own view, Plaintiffs have "imposed unreasonable conditions" on a 30-day stay. Plaintiffs are not clear what Mr. Karpinski finds unreasonable, so for full transparency I am appending to this letter the one and only chain of correspondence between myself and Mr. Karpinski setting out the Plaintiffs' position. As the correspondence shows, Plaintiffs consented to a 30-day extension of the stay subject only to (i) Mr. Karpinski providing the Court with the status report that was already required per your order of September 17, 2021 (Dkt. # 25) and (ii) his client, Talbot County, agreeing to give the plaintiffs a 72-hour notice before removing the Confederate statue that is at the center of this dispute. It is not clear why either of those conditions is unreasonable.

    Further, as for a longer extension, I informed Mr. Karpinski that the Plaintiffs appreciate, based on earlier representations he had conveyed to me, that removal may take longer than 30 days, in which case they request only that (i) the County explain with greater specificity the reason more time is necessary, given that private funding has already been arranged to pay for the statue's removal, and (ii) the statue be covered in the meantime. Given the inherently racist and demeaning character of the statue, and the fact that the County has already voted that removal is in the best interests of the health, safety and welfare of the community, here again it is not clear what is unreasonable about either of the Plaintiffs' requests.

Crowell & Moring LLP ■ www.crowell.com
■ Washington, DC ■ New York ■ Chicago ■ Denver ■ San Francisco ■ Los Angeles ■ Orange County ■ Indianapolis ■
■ London ■ Brussels ■ Doha ■ Shanghai ■

In all events, Plaintiffs agree with the County that progress is being made, and they share the County's stated desire to avoid wasting the Court's resources. This letter is meant only to inform the Court of the relevant discussions to date and share Plaintiffs' belief that they are not being unreasonable, as asserted by Defendant's counsel.

We look forward to the status call on November 8. Thank you for your attention to this matter.

Respectfully,

Daniel W. Wolff

Attachment

**Bennett, Sharon**

| | |
|---|---|
| **From:** | Wolff, Daniel W. |
| **Sent:** | Wednesday, October 27, 2021 3:41 PM |
| **To:** | Kevin Karpinski |
| **Cc:** | Patrick Thomas |
| **Subject:** | RE: OPD v Talbot County |

I don't understand the concern.  The County already owes the court a status report, so I assume that's not the issue.

The plaintiffs are consenting to 30 more days, so I must assume that's not the issue.

Is the issue my clients' unwillingness to consent to more than 30 days absent covering the statue?  Why would that cause anyone to change his mind?

And I don't understand your reference to "entire deal"--the County acted by official vote.  That's not a deal, that's a policy choice.

-----Original Message-----
From: Kevin Karpinski <kevin@bkcklaw.com>
Sent: Wednesday, October 27, 2021 3:12 PM
To: Wolff, Daniel W. <DWolff@crowell.com>
Cc: Patrick Thomas <pthomas@mlg-lawyers.com>
Subject: Re: OPD v Talbot County

 External Email


Dan- Does your client still want me to present this to the Council? This has the potential to undo the entire deal. The County is moving as quickly as possible and, with a 3-2 vote on any matter, one always runs the risk that an elected official will flip his vote. This would be putting fuel on the fire. Kevin

Kevin Karpinski
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
Fax 410-727-0861
Cell 301-502-5834

This electronic message transmission contains information that may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system.  Thank you.


On 10/26/21, 5:53 PM, "Wolff, Daniel W." <DWolff@crowell.com> wrote:

   Kevin: Sorry for delay, I'm on work travel.  I've consulted with the plaintiffs and here is where we're at.  We consent to an additional 30 days, subject to the following conditions:

* The County address in the status report that is already due under the existing order -

    - steps the County has taken to date to implement the removal of the statue

    - what steps remain outstanding, including an explanation of any necessary RFP/procurement issues

    - anticipated timing to removal

* The County commit in its motion to the court to giving plaintiffs at least 72 hours notice prior to removal, to give them and other interested members of the public the opportunity to observe the removal

The plaintiffs appreciate that removal within 30 days may not be feasible based on your representations to me about the RFP process and the availability of suitable contractors, but before we consent to anything beyond 30 days we need certain concerns addressed.

* First, the timing seems inconsistent with the fact that Move the Monument (MTM) already priced removal with a major area contractor (Willow Construction as I understand it) and has donors already lined up to fund the removal at no cost to taxpayers, so the need for an extended RFP process is not clear to us. Please provide greater specificity as to why this cannot be completed in 30 days.
* Second, every day delayed here is an extra day for the opponents of the statue's removal to undermine the vote of the Council, and the plaintiffs reserve their right to file a response or opposition to any additional stay request beyond 30 more days to make their concerns known to the court.
* Third, any agreement to a stay of more than 30 days will be conditioned on the County covering the statue for the duration of its existence in public view on County property.

Happy to discuss.

Dan

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November 2021, a copy of the foregoing was electronically filed with notice to:

**Kevin Bock Karpinski**
Karpinski, Cornbrooks & Karp, P.A.
120 East Baltimore Street
Suite 1850
Baltimore, MD 21202-1617
410-727-5000
Fax: 410-727-0861
Email: kevin@bkcklaw.com

/s/ Daniel W. Wolff