1001 Pennsylvania Avenue, N.W., Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

**crowell(moring**

Daniel W. Wolff
(202) 624-2621
dwolff@crowell.com

November 1, 2021

*[Handwritten margin note: Status report (joint if possible) due by 11/30/21. ELH USDJ 11/8/21]*

The Honorable Ellen L. Hollander
United States District Court Judge
United States District Court for
The District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

RE:   *Maryland Office of the Public Defender, et al. v. Talbot County, MD*
      Civil Action No: 1:21-cv-01088-ELH

Dear Judge Hollander:

Along with the ACLU of Maryland, I represent the Maryland Office of the Public Defender, Talbot County NAACP, and individual Plaintiffs in this matter. In advance of the telephone conference set for November 8, 2021, per your margin order of October 27, I write to give Your Honor the Plaintiffs' perspective on Defendant Talbot County's status report to you of October 27.

In his letter, County defense counsel, Kevin Karpinski, states that, in his own view, Plaintiffs have "imposed unreasonable conditions" on a 30-day stay. Plaintiffs are not clear what Mr. Karpinski finds unreasonable, so for full transparency I am appending to this letter the one and only chain of correspondence between myself and Mr. Karpinski setting out the Plaintiffs' position. As the correspondence shows, Plaintiffs consented to a 30-day extension of the stay subject only to (i) Mr. Karpinski providing the Court with the status report that was already required per your order of September 17, 2021 (Dkt. # 25) and (ii) his client, Talbot County, agreeing to give the plaintiffs a 72-hour notice before removing the Confederate statue that is at the center of this dispute. It is not clear why either of those conditions is unreasonable.

Further, as for a longer extension, I informed Mr. Karpinski that the Plaintiffs appreciate, based on earlier representations he had conveyed to me, that removal may take longer than 30 days, in which case they request only that (i) the County explain with greater specificity the reason more time is necessary, given that private funding has already been arranged to pay for the statue's removal, and (ii) the statue be covered in the meantime. Given the inherently racist and demeaning character of the statue, and the fact that the County has already voted that removal is in the best interests of the health, safety and welfare of the community, here again it is not clear what is unreasonable about either of the Plaintiffs' requests.